IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee, <br><br>    *Plaintiffs,* <br><br>  v. <br><br> DAVIS SAND & GRAVEL, INC., an Illinois corporation; and DAVIS EXPRESS SERVICE, INC., an Illinois corporation, <br><br>    *Defendants.* | Case No. 18-cv-5949 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Arthur H. Bunte, Jr., as trustee, allege as follows:

### JURISDICTION AND VENUE

1. This is a suit to recover employer contributions owed to the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund," collectively with the Pension Fund, the "Funds") by Defendants in accordance with applicable collective bargaining agreements, Participation Agreement, and the Funds' Trust Agreements (the "Trust Agreements").

2. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq.

3. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and under section 301(c) of LMRA, 29 U.S.C. § 185(c).

4. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are "employee benefit plans" as that term is defined in ERISA and are administered at their principal place of business in Rosemont, Illinois. Venue is also proper in this Court under section 301(a) of LMRA, 29 U.S.C. § 185(a). Venue is also proper in this Court pursuant to the forum selection clauses contained in the Trust Agreements, which designate this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

5. The Funds are employee benefit plans and trusts, with their principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

6. The Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension and health and welfare benefits to participants and beneficiaries of the Funds and paying the administrative expenses of the Funds.

7. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Funds as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Funds and their participants and beneficiaries in his capacity as a trustee and fiduciary.

8. Defendant Davis Sand & Gravel, Inc. ("Davis Sand") is a corporation organized under the laws of the State of Illinois. Davis Sand is an "employer" and a "party-in-interest" as

those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

9. Defendant Davis Express Service, Inc. ("Davis Express") is a corporation organized under the laws of the state of Illinois. Davis Express is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

10. Local Union No. 627 ("Local 627") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Davis Sand and employees of other employers in industries affecting interstate commerce.

11. During all relevant times, Davis Sand and Local 627 have been parties to collective bargaining agreements pursuant to which Davis Sand has been required to make contributions to the Funds on behalf of certain of its covered employees.

12. Davis Sand and Local 627 are also parties to a Participation Agreement which requires Davis Sand to pay contributions to the Funds.

13. Davis Sand agreed to be bound by the terms of the Trust Agreements and all rules and regulations promulgated by the Trustees thereunder.

14. Under the Trust Agreements, Davis Sand was required to "remit continuing and prompt contributions to the [Funds] as required by the applicable collective bargaining agreement ..."

15. Article XIV, Section 4 of the Pension Fund Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability and/or other moneys due to the Trustees from

> the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due contributions and/or other money (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for contributions and/or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions and/or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

16. Article XI, Section 4 of the Health Fund Trust Agreement also contains a provision that is identical to the provision quoted in the above paragraph except there are no references to "withdrawal liability" in the Health Fund Trust Agreement provision.

17. The Funds rely upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Funds bill the employers for contributions.

18. Article XI, Section 11 of the Health Fund Trust Agreement and Article XIV, Section 12 of the Pension Fund Trust Agreement provide as follows:

An Employer shall be required to pay audit fees and audit costs if litigation is required to obtain access to any records that are requested in connection with an audit and/or if litigation is required to collect additional billings that result from the audit. Audit fees will be calculated at the market rate for the metropolitan Chicago area.

## STATUTORY AUTHORITY

19. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

20. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of—

   (i)  interest on the unpaid contributions, or

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## COUNT I
## AUDIT FINDINGS AGAINST DAVIS SAND

21. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Pursuant to the Trust Agreements, the Funds are permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

23. The Funds audited Davis Sand's records to verify the accuracy and completeness of employee work history reported to the Funds by Davis Sand during the period of January 1, 2012 through December 27, 2014.

24. The audit revealed that Davis Sand had failed to accurately report the work history of its covered employees.

25. Davis Sand breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreement, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) owed to the Funds for the period of January 1, 2012 through December 27, 2014.

26. Davis Sand owes the Pension Fund at least $98,238.00 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 25.

27. Davis Sand owes the Health Fund at least $201,260.80 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 25.

28. Under the Trust Agreements, employers who fail to pay amounts revealed to be owed by an audit are required to pay all costs incurred in connection with the audit.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Davis Sand and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreements, for:

    (i) the unpaid contributions owed to the Funds by Davis Sand;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

    (iv) attorney's fees and costs; and

    (v) audit fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

### COUNT II
### AGAINST DAVIS SAND AND DAVIS EXPRESS FOR DELINQUENT CONTRIBUTIONS UNDER THE SINGLE EMPLOYER THEORY OF LIABILITY

29. Plaintiffs hereby reallege paragraphs 1 through 28 as though fully set forth herein.

30. During the period of no later than January 1, 2012 through at least December 27, 2014, Davis Sand and Davis Express had common ownership.

31. During the period of no later than January 1, 2012 through at least December 27, 2014, Davis Sand and Davis Express had common officers.

32. During the period of no later than January 1, 2012 through at least December 27, 2014, Davis Sand and Davis Express had common management.

33. During the period of no later than January 1, 2012 through at least December 27, 2014, Davis Sand and Davis Express had centralized control of labor relations.

34. During the period of no later than January 1, 2012 through at least December 27, 2014, Davis Sand and Davis Express operated from the same location.

35. During the period of no later than January 1, 2012 through at least December 27, 2014, Davis Sand and Davis Express had a common business purpose and performed similar work.

36. During the period of no later than January 1, 2012 through at least December 27, 2014, all customers of Davis Sand and Davis Express were invoiced solely by Davis Sand.

37. During the period of no later than January 1, 2012 through at least December 27, 2014, Davis Sand and Davis Express shared equipment, including trucks.

38. By virtue of the close relationship between Davis Sand and Davis Express, as described in paragraphs 30 through 37 above, they constituted a single employer during the period of no later than January 1, 2012 through at least December 27, 2014.

39. Because Davis Sand and Davis Express constituted a single employer, Davis Express was bound by, and obligated to comply with, the collective bargaining agreements, the Participation Agreement, and the Trust Agreements to which Davis Sand was bound.

40. Because Davis Sand and Davis Express constituted a single employer, they are jointly and severally liable to the Pension Fund for the contributions (and interest due thereon) owed to the Pension Fund on behalf of the covered employees on the payroll of Davis Sand and

the covered employees on the payroll of Davis Express during the period they constituted a single employer.

41. Davis Sand and Davis Express breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund on behalf of covered employees on the payroll of Davis Sand and on behalf of covered employees on the payroll of Davis Express.

42. Davis Sand and Davis Express owe the Pension Fund at least $98,238.00 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 41.

43. Davis Sand and Davis Express owe the Health Fund at least $201,260.80 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 41.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Davis Sand and Davis Express, jointly and severally, and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), for:

    (i) all unpaid contributions owed to the Funds by Davis Sand and Davis Express;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

    (iv) attorneys' fees and costs; and

    (v) audit fees and costs.

  (b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

  (c) Such further or different relief as this Court may deem proper and just.

## COUNT III
### AGAINST DAVIS SAND AND DAVIS EXPRESS FOR DELINQUENT CONTRIBUTIONS UNDER THE ALTER EGO THEORY OF LIABILITY

44. Plaintiffs hereby reallege paragraphs 1 through 43 as though fully set forth herein.

45. Davis Sand has transferred work covered by its collective bargaining agreements and Participation Agreement with Local 627 to Davis Express.

46. Upon information and belief, one of the reasons Davis Sand transferred work covered by its collective bargaining agreements and Participation Agreement with Local 627 to Davis Express was to avoid the obligations under the collective bargaining agreements and Participation Agreement between Davis Sand and Local 627, including, without limitation, the obligation to pay contributions to the Funds.

47. By virtue of the aforementioned conduct set forth in paragraphs 29 through 37 and 45 through 46, Davis Sand and Davis Express were alter egos during the period of no later than January 1, 2012 through at least December 27, 2014.

48. Because Davis Sand and Davis Express were alter egos, Davis Express was bound by, and obligated to comply with the collective bargaining agreements, the Participation Agreement, and the Trust Agreements to which Davis Sand was bound.

49. Because Davis Sand and Davis Express constituted alter egos, they are jointly and severally liable to the Funds for the contributions (and interest due thereon) owed to the Funds on behalf of the covered employees on the payroll of Davis Sand and the covered employees on the payroll of Davis Express during the period they were alter egos, i.e. from no later than January 1, 2012 through at least December 27, 2014.

50. Davis Sand and Davis Express breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreement, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) owed to the Funds on behalf of covered employees on the payroll of Davis Sand and on behalf of covered employees on the payroll of Davis Express.

51. Davis Sand and Davis Express owe the Pension Fund at least $98,238.00 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 50.

52. Davis Sand and Davis Express owe the Health Fund at least $201,260.80 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 50.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Davis Sand and Davis Express, jointly and severally, and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

     (i)     all unpaid contributions owed to the Funds by Davis Sand and Davis Express;

     (ii)     interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

     (iii)     an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

     (iv)     attorneys' fees and costs; and

     (v)     audit fees and costs;

(b)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)     For such further or different relief as this Court may deem proper and just.

## COUNT IV
## AGAINST DAVIS SAND FOR VIOLATION OF ADVERSE SELECTION RULE

53.     Plaintiffs hereby reallege paragraphs 1 through 52 as though fully set forth herein.

54.     The Participation Agreement between Davis Sand and Local 627 provides that "[t]he Employer acknowledges that it is aware of the Fund(s)' adverse selection rules (Including Special Bulletin 90-7) and agrees that while this Agreement remains in effect, it will not enter into any agreement or engage in any practice that violates the adverse selection rules."

55. Article III, Section 8 of the Pension Fund Trust Agreement provides:

> The remedy of the termination of an Employer's participation set forth in Article III, Section 1 and Article IV, Section 20 is not the Fund's exclusive remedy in the event of a violation of the Fund's adverse selection rule. The Fund shall also be entitled to collect additional Employer Contributions from an Employer that violates the Fund's adverse selection rule in an amount equal to the Employer Contributions that would have been paid to the Fund but for the adverse selection rule violation. The Employer Contributions paid under this section shall be treated as contributions required to be made for the purposes of computing withdrawal liability under 29 U.S.C. §§ 1381-1451 and contribution base units on any contributions paid under this section shall be calculated by dividing the amount paid under this section by the applicable contribution rate.

56. Article III, Section 8 of the Health Fund Trust Agreement contains an identical provision, except that it does not include the last sentence addressing withdrawal liability.

57. In the event the Court determines that Davis Express is neither an alter ego of Davis Sand nor a single employer with Davis Sand, the transfer or assignment of work of Davis Sand to Davis Express nonetheless violates the Pension Fund's adverse selection rule and the Pension Fund is entitled to additional contributions from Davis Sand based upon the work performed by Davis Express.

58. Davis Sand breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreement, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) owed to the Funds on behalf of employees on the payroll of Davis Express that were and/or should have been covered employees of Davis Sand.

59. Davis Sand owes the Pension Fund at least $98,238.00 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 58.

60. Davis Sand owes the Health Fund at least $201,260.80 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 58.

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment against Davis Sand and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreement for:

    (i) all unpaid contributions owed to the Funds by Davis Sand based on its transfer or assignment of work to Davis Express;

    (ii) interest on the unpaid contributions, computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

    (iv) attorneys' fees and costs; and

    (v) audit fees and costs;

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

## COUNT V
## AGAINST DAVIS SAND FOR BREACH OF THE
## COLLECTIVE BARGAINING AGREEMENTS

61. Plaintiffs hereby reallege paragraphs 1 through 52 as though fully set forth herein.

62. Article 1 of the collective bargaining agreements provides:

   (a) The execution of this Agreement on the part of the Employer shall cover all truck drivers, helpers, but not including casual helpers, and such other employees as may presently or hereafter be represented by the Union.

   (b) Employees covered by this Agreement shall be construed to mean, but not limited to, any driver, chauffeur, or driver-helper operating a truck, tractor, motorcycle, passenger or horse-drawn vehicle, or any other vehicle operated on the highway, street or private road for transportation purposes when used to defeat the purposes of this Agreement.

63. Article 2 of the collective bargaining agreements provides:

   This Agreement shall be binding upon the parties hereto, their heirs, administrators and executors, and the parties hereto agree that they will not attempt to use any leasing device to a third party to evade this contract.

64. Article 3, Section 3 of the collective bargaining agreement provides:

   [T]he Employer agrees to respect the classifications of work covered by this contract and shall not direct or require their employees not in the bargaining unit, or persons other than employees in the bargaining units here involved to perform work which is recognized as the work of the employees in said units.

65. Article 18 of the collective bargaining agreements provides:

   (b) The contractor (Employer) may hire or contract for the use of operated trucks be they from a Fleetowner, another contractor or an owner/driver, provided they do not replace his regular employees where he has the necessary equipment available.

65. In the event the Court determines that Davis Express is neither a single employer nor an alter ego of Davis Sand, the transfer or assignment of work by Davis Sand to Davis Express nonetheless violates Articles 1, 2, 3, and/or 18 of the collective bargaining agreements.

66. The Funds are third-party beneficiaries of the collective bargaining agreements between Davis Sand and Local 627.

67. The Funds have been damaged by Davis Sand's breach of its obligations under the collective bargaining agreements by Davis Sand's transfer or assignment of covered work to non-covered employees of Davis Express since no later than January 1, 2012 through at least December 27, 2014.

68. Davis Sand owes the Pension Fund at least $98,238.00 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 67.

69. Davis Sand owes the Health Fund at least $201,260.80 for unpaid contributions (not including interest) for the period of January 1, 2012 through December 27, 2014, as a result of the conduct set forth in paragraph 67.

WHEREFORE, the Plaintiffs request the following relief:

(a) A judgment against Davis Sand and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) The contributions that would have been paid to the Funds if Davis Sand and Davis Express had not violated the Funds' adverse selection clause;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth

      (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

  (iii)  an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

  (iv)  attorney's fees and costs; and

  (v)  audit fees and costs.

 (b)  Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

 (c)  For such further or different relief as this Court may deem proper and just.

                 Respectfully submitted,

                 */s/ Corey J. Jahner*
                 Corey J. Jahner (ARDC # 6313125)
                 Central States Funds Law Department
                 9377 W. Higgins Road, 10th Floor
                 Rosemont, Illinois 60018
                 Telephone: (847) 939-2470
                 E-mail: cjahner@centralstates.org

August 30, 2018            ATTORNEY FOR PLAINTIFFS